759 F.2d 269
 6 Employee Benefits Ca 1621
 UNITED STATES STEEL AND CARNEGIE PENSION FUND, a
Pennsylvania corporation, and the United States Steel
Corporation Plan for Employee Pension Benefits (Revision of
1950) an employee pension benefit plan, Appellants,
v.
John McSKIMMING, an individual, Appellee.
 No. 84-3542.
 United States Court of Appeals,
Third Circuit.
 Argued March 21, 1985.
Decided April 11, 1985.
Rehearing and Rehearing In Banc Denied May 6, 1985.
 
 James T. Carney (argued), Jeffrey E. Beeson, Pittsburgh, Pa., for appellants.
 Louis J. Krzemien, Jr. (argued), Mansmann Cindrich & Huber, Pittsburgh, Pa., for appellee.
 Before HUNTER and GARTH, Circuit Judges, and GERRY,* District Judge.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Western District of Pennsylvania in an action brought by the appellant, the United States Steel and Carnegie Pension Fund ("the Fund") under the civil enforcement provision of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. Sec. 1132 (1982). In that action, the Fund sought vacation of an arbitrator's award that had ordered the Fund to pay appellee John McSkimming supplemental retirement benefits under the United States Steel Corporation Plan for Employee Pension Benefits ("the Plan"). The district court granted summary judgment in McSkimming's favor. Because we hold that the district court erred in determining that the arbitrator's award drew its essence from the Plan, we will reverse the judgment below and remand with direction to grant summary judgment in the Fund's favor.I
 
 
 2
 McSkimming, an employee of United States Steel Company ("USS") since 1948, became a Senior Project Engineer at USS's South Works plant in 1979. In 1982, USS initiated a reduction in force ("RIF") at South Works, and ordered its managers to rank their employees on a numeric scale of one to four, with "one" being the highest rank. McSkimming received a rating of "three." Shortly thereafter, USS terminated McSkimming's employment.
 
 
 3
 McSkimming applied for, and is now receiving, regular pension benefits under the Plan. He also sought benefits under the Plan's "70/80" provision, under which an employee who meets certain age and length of service requirements[1] may receive supplemental retirement benefits if "his Employing Company considers that [his] retirement would ... be in its interest and it approves an application for retirement under mutually satisfactory conditions." Plan Sec. 2.6(b)(2). Although McSkimming was otherwise eligible for 70/80 benefits, USS refused to approve his application, and the Fund accordingly denied the application.
 
 
 4
 McSkimming filed a grievance against the Fund, claiming entitlement to the 70/80 benefits. That grievance was submitted to arbitration in March, 1984. The sole question presented to the arbitrator was whether the Fund had "acted improperly" under the Plan in denying McSkimming's application for 70/80 benefits. The arbitrator ruled in McSkimming's favor, holding that the Fund had acted improperly in denying his application because USS had earlier approved a 70/80 application for an employee who had received a lower mark than McSkimming had in the RIF ranking.
 
 
 5
 The arbitrator recognized that the decision to treat McSkimming differently from the other employee was made by USS, which was not a party to the arbitration. Nevertheless, the arbitrator held that it was "not critical to identify the specific persons who so acted," because USS's retention of discretion to approve applications for 70/80 benefits constituted sufficient control of the Plan's "management or disposition of its assets" to make it a fiduciary under ERISA. App. at 58 (citing 29 U.S.C. Sec. 1002(21)(A)(i)). USS's discrimination between McSkimming and a similarly situated employee was, in the arbitrator's view, a breach of its ERISA fiduciary duties. Finding that this perceived breach was attributable to the Fund, the arbitrator entered an award "against the Plan as an entity." App. at 58. The arbitrator went on to note that, even absent the discrimination, he would be compelled to decide against the Fund because he believed that the 70/80 provision, which makes USS's self-interest a criterion for an award of benefits under the Plan, was facially invalid under ERISA. App. at 59-60 (citing NLRB v. Amax Coal Co., 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981)).
 
 
 6
 The Fund brought this action seeking to vacate the arbitrator's award on the ground that he had exceeded his authority by deciding the grievance under ERISA, rather than under the Plan. Both parties filed cross-motions for summary judgment. The district court denied the Fund's motion and granted McSkimming's. The Fund now appeals from this order.
 
 II
 
 7
 As the district court noted, the standard of review applied by federal courts to labor arbitration awards is exceedingly narrow. This court has held that an arbitrator's award must be upheld
 
 
 8
 if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.
 
 
 9
 Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir.1969). See United Food & Commercial Workers, Local 590 v. Great Atlantic & Pacific Tea Co., 734 F.2d 455, 457 (3d Cir.1984); Sun Petroleum Prods. Co. v. Oil, Chemical & Atomic Workers, Local 8-901, 681 F.2d 924, 928 (3d Cir.1982). Applying this standard, the district court determined that arbitrator's award drew its essence from the Plan. The district court held that the approval of 70/80 benefits for an employee with a lower RIF ranking than McSkimming's was an "indicia of the parties' intent" to which the arbitrator could legitimately refer in interpreting the 70/80 clause.
 
 
 10
 Although we are mindful of the narrow scope of judicial review of arbitral decisions, we are constrained to hold that the district court erred in refusing to vacate the award in this case. "If an arbitral decision is based 'solely upon the arbitrator's view of the requirements of enacted legislation,' rather than on the [contract], the arbitrator has 'exceeded the scope of the submission,' and the award will not be enforced." Alexander v. Gardner-Denver Co., 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974). See USWA v. Enterprise Wheel & Car Co., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Here, the arbitrator's award was expressly based upon his view of ERISA. The arbitrator looked to USS's past practice not as an indicia of the meaning of the 70/80 clause, but rather as a breach of fiduciary duty under ERISA, and it was only through ERISA that he was able to attribute USS's actions to the Fund. Indeed, far from drawing the essence of his decision from the provision of the Plan submitted for his interpretation, the arbitrator found it to be facially invalid under ERISA.
 
 
 11
 Because the arbitrator's award is patently based on statutory interpretation rather than on the Plan, the district court erred in refusing to vacate it. We will therefore reverse the judgment below, and remand the cause with a direction to grant the Fund's motion for summary judgment.
 
 
 
 *
 Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 The Plan provides that, subject to USS's approval, 70/80 benefits are available to any managerial employee
 who shall have had at least 15 years of continuous service but who has not attained the age of 62 years and (i) who shall have attained the age of 55 years and whose combined age and years of continuous service shall equal 70 or more, or, (ii) whose combined age and years of continuous service shall equal 80 or more....
 Plan Sec. 2.6(b)