Gerald **BURKE** and James R. Novak, Appellants,

v.

**LATROBE STEEL COMPANY**, Appellee.

No. 84–3811.

United States Court of Appeals, Third Circuit.

Argued Aug. 14, 1985.
Decided Oct. 17, 1985.

Edward A. Olds (argued), Pittsburgh, Pa., for appellants.

Larry R. Brown (argued), Sheila M. Markley, Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, Peter D. Post, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

This appeal presents another variation of the question whether the court or contractual arbitration is the proper forum for resolving pensioners' ERISA claims. In this case, although an arbitrator had ruled in favor of most of their plan interpretation contentions, plaintiff pensioners nonetheless pressed their allegation of statutory violations in the district court. We conclude that the arbitration requirement does not preclude resort to a judicial forum even though there may be a factual overlap between contractual and statutory claims. Accordingly, we will vacate a district court judgment which held that an arbitration award was a final resolution of the dispute.

After an arbitrator had decided that the employer had violated the terms of the collective bargaining agreement and pension plan, the company and the pensioners moved for summary judgment in the district court. The court granted the defendant company's motion and denied that of plaintiff pensioners.

This case grows out of a disagreement between plaintiffs, two former employees, and defendant company over its right to recall pensioners to work. Of the several forms of retirement which the terms of the bargaining agreement specify, the one at issue here is styled "The Rule of 65." Under that provision, an employee who has at least 20 years of continuous service and whose combined age and years of service total 65 or more may elect to retire if he is put on an extended lay off and the company fails to provide "suitable long term employment."

Having met the requirements under the Rule of 65, plaintiff Burke elected to retire in May 1983 and Novak followed suit in August 1983. In September of that year, the company recalled both men to work. They objected and returned under protest, contending that their recall was contrary to the collective bargaining agreement as well as the pension plan.

The plaintiffs' complaint in the district court alleged that defendant had violated ERISA and the terms of the pension plan. The proceedings were stayed while the parties submitted their dispute to an arbitrator pursuant to the plan. He ruled that under the collective bargaining agreement the company had no right to require a Rule of 65 pensioner to return to work against his wish. As a remedy, the company was directed to restore the basic pension benefits that had been withheld during the period of recall. The employees were permitted to keep the wages and benefits they had earned but were not entitled to a supplemental payment of $400 per month since

the company had provided suitable employment during the recall period.[1]

The district court concluded that the relief sought came within the coverage and meaning of the pension plan and that the arbitration had resolved the matters in dispute. Relying on *Adams v. Gould, Inc.*, 687 F.2d 27 (3d Cir.1982), the court entered summary judgment for defendant.

On appeal, plaintiffs contend that they have rights under ERISA independent of those conferred by the pension plan. They allege that the company, which acts as administrator of its own plan, violated the conflict of interest provision of ERISA, 29 U.S.C. § 1106(b)(2), the anti-discrimination clause, 29 U.S.C. § 1140, and fiduciary obligations under 29 U.S.C. § 1104. In response, defendant argues that the only issue is the interpretation of the plan, and as to that matter the parties are bound by the arbitrator's award. As an alternative, the company asserts that even if independent statutory rights exist, plaintiffs in this case have failed to set forth a claim on which relief can be granted.

After the district court had acted on the case now before us, we had occasion in several appeals to address the relationship between claims under a pension plan and those under ERISA. Consequently, the district judge did not have the benefit of those opinions in coming to his decision.

In *Viggiano v. Shenango China Div. of Anchor Hocking Corp.*, 750 F.2d 276 (3d Cir.1984), we noted the frequent uncertainty about whether a controversy should proceed in a judicial forum under ERISA or by arbitration under the terms of a collective bargaining agreement. We observed that "in the nature of things, at times, there is an overlap," *id.* at 279, but concluded that the employer's duty to fund the plan—the issue there in dispute—depended on interpretation of the collective bargaining agreement and therefore should be decided by arbitration. We stated, however, that if the arbitrator found that the employer did

have a duty to fund the plan, the employees would then be free to present their ERISA claims to the court.

*Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923 (3d Cir.1985), presented a similar problem. We again pointed out the distinction between statutory and contractual claims and observed, "ERISA neither completely supplants nor is completely subordinate to arbitration." *Id.* at 939. Claims seeking to enforce the terms of a pension plan and to recover benefits provided by it are subject to a contractually required arbitration process. Purely statutory issues, however, are not within the competence of an arbitrator and fall under the court's jurisdiction. *See U.S. Steel and Carnegie Pension Fund v. McSkimming*, 759 F.2d 269, (3d Cir.1985). To the same effect, see *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir. 1984); *Air Line Pilots Ass'n Int'l v. Northwest Airlines, Inc.*, 627 F.2d 272 (D.C.Cir.1980). *See generally*, Schneider, *Surviving ERISA Preemption: Pension Arbitration in the 1980s*, 16 Colum. J.L. & Soc.Probs. 269 (1980).

In *Adams v. Gould*, 687 F.2d 27 (3d Cir.1982), the employer and union arbitrated the question whether a pension plan was properly funded. The arbitrator required the company to make additional contributions and formulated certain rulings with respect to benefits eligibility. The plaintiffs, who were active employees, contended that they had been treated unfairly when compared with retirees. We concluded that the company and the union had properly submitted the dispute to arbitration, as set out in the bargaining agreement, and that individual employees were bound by the award. Although defendant relies on that case here, *Gould* is distinguishable because the plaintiffs there did not raise separate statutory claims since the challenged conduct occurred before ERISA's effective date. *See also appeal after remand Adams v. Gould, Inc.*, 739

---

**1.** The arbitrator actually addressed only the grievance of Novak. However, the employer had agreed to apply the arbitrator's ruling to

Burke's grievance as well. There is no dispute that Burke's claims are to be considered as if his too had been formally arbitrated.

F.2d 858 (3d Cir.1984). That case is therefore not inconsistent with *Viggiano* and *Barrowclough.*·

■ Underlying these cases is the basic premise that when Congress has provided a judicial remedy for the denial of certain statutory rights, that forum may not be denied through the arbitration provisions of a collective bargaining agreement. A trilogy of Supreme Court decisions has left no doubt on that score. *See McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984); *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

■ As noted earlier, the same factual situation may present separate claims under both ERISA and the pension plan. As the record now stands, that is the case here. The parties do not dispute that contractual claims were properly submitted to arbitration. That proceeding established that the collective bargaining agreement did not give the company the unilateral right to recall plaintiffs to work. In addition, the arbitrator's award determined that plaintiffs were entitled not only to the wages they earned during reemployment but to the basic pension benefits as well. These have already been paid by the company.

The arbitrator further found that plaintiffs had no right to any supplemental monthly payment. The pension plan provided that until a retiree reached 62, he would receive an additional payment of $400 per month above the basic pension but that the additional benefits "shall cease whenever the participant obtains suitable long term employment." That provision is not limited to employment with the company.

■ The arbitrator concluded that the jobs provided by the company, albeit over the plaintiffs' objections, satisfied the plan's exclusion. That interpretation was within the scope of the arbitrator's compe-tence and therefore is binding on the parties. Although plaintiffs asked for partial summary judgment awarding them the amount of the supplementary payments which they had not received, the district court properly refused that claim because it had been denied in arbitration.

The nature of the defendant's motions in the district court is somewhat unclear. Defendant originally moved for summary judgment on the ground that the plaintiffs' claims were subject to arbitration. After the award was filed, defendant again filed a motion—this time to dismiss because the action was moot.

Although the second motion was not so labeled, the district court treated it as one for summary judgment, no doubt because the arbitration award was a matter outside the pleadings having an important bearing on the case. As noted above, defendant was entitled to judgment on the contract claims that plaintiffs sought to press in court after losing before the arbitrator. However, since the award did not and could not resolve the ERISA claims, the defendant's motion in that aspect must be taken as one seeking dismissal for failure to state a claim. For that purpose, the allegations in the plaintiffs' complaint must be accepted as true.

The plaintiffs' ERISA claims are twofold: (1) the company as administrator breached its fiduciary duty by coercing the recall in violation of the pension plan, and (2) the company's direction to plaintiffs while not taking similar action with respect to workers under other retirement plans was discriminatory.

■ With respect to the first claim, a pensioner does not establish a violation of fiduciary duty simply by showing that the administrator did not follow the terms of the plan. If such action is undertaken pursuant to a good faith, albeit erroneous, interpretation, ERISA's fiduciary provisions are not violated. To establish liability, willful or bad faith conduct must be proved. *See Challenger v. Local Union No. 1*, 619 F.2d 645 (7th Cir.1980). Thus, in

*Delgrosso v. Spang & Co.*, 769 F.2d 928 (3d Cir.1985), we held that the employer, as administrator, had violated its fiduciary duty by attempting to secure for itself excess sums in the pension fund despite clear and unambiguous language to the contrary in the collective bargaining agreement.[2]

█ In this case, the plaintiffs' complaint alleges that defendant, as administrator, "willfully terminated the pensions of the plaintiffs" solely to meet its needs as an employer. Construing this allegation broadly, as must be done at this stage of the proceeding, we believe plaintiffs have made a sufficient averment of bad faith to survive a motion to dismiss. If plaintiffs can show that they were recalled in bad faith, then liability under *Delgrosso* will be established.

On the record as it now stands, plaintiffs may well have an uphill battle in proving their claim. Apparently some uncertainty existed about the company's right to recall a worker from a Rule of 65 retirement. The union asserted that the pensioners had the right to return to work if they chose but could not be forced to do so. Indeed, some pensioners who were recalled at the same time as plaintiffs accepted the reemployment without objection, while four did not. The collective bargaining agreement does not specifically set out the employer's right to recall. This contrasts with *Delgrosso* where we found "not the slightest ambiguity in the anti-reversion clause of the pension agreement."

In addition, we observe that the plaintiffs' argument that the company "profited" because it did not have to pay the monthly supplement during the reemployment period is flawed. The arbitrator's finding that the employees were not entitled to those payments under the terms of the pension plan demonstrates that the company did not "profit" when such payment was withheld. Moreover, it seems that the trust fund, not the employer as

such, benefited by not having to pay the supplement.

Even if we thought plaintiffs unlikely to prevail on remand, we would not be permitted to prejudge the case at this procedural stage. The record is not fully developed, and we cannot say that plaintiffs will be unable to present additional evidence in support of their claim of fiduciary breach. Similarly, the allegation of discrimination has yet to be developed on the record. That claim, too, must be reexamined.

We are aware that the lure of attorney's fees, which can accompany an award for violation of ERISA, may encourage plaintiffs who are disappointed in the result of an arbitration proceeding to dress their contractual claim in the garb of an ERISA violation and file in court. Nonetheless, we may not overlook the policies underlying the *Barrentine* line of cases and must protect the rights conferred by ERISA. The solution lies in careful scrutiny by the courts to insure that rights are protected but that abuses are not tolerated.

The judgment of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.

---

**2.** In that case, we also held that the claim for breach of a pension agreement did not come within the terms of the arbitration provision of the contract. Therefore, it was properly within

the jurisdiction of the court under 29 U.S.C. § 1132(a). *See Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984).